```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

KENDALE McCOY #K-59039,            )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    No.  12 C 5467
                                   )
WEXFORD HEALTH SERVICES, INC.,     )
et al.,                            )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

On March 26 of this year this Court issued a brief sua sponte memorandum order ("Order I") prompted by the affirmative defense, included in the Answer filed by Marcus Hardy ("Hardy") that charged plaintiff Kendale McCoy ("McCoy") with not having exhausted all available administrative remedies as required by 22 U.S.C. §1997e(a)("Section 1997e(a)").  When the Attorney General's Office then failed to respond to Order I by a timely filing of the requested showing as to nonexhaustion of administrative remedies, this Court issued another brief memorandum order ("Order II") on April 11 that struck the affirmative defense that had advanced the Section 1997e(a) contention and again ordered an explanation from Hardy's counsel. This time Order II worked, and on May 3 the Attorney General's Office filed what was captioned "Defendant Hardy's Response to Court's Order," together with copies of three of McCoy's exhibits to his First Amended Complaint--its Exs. N, O and U.

That submission has in turn raised further questions as to

the applicability of Section 1997e(a).  It is unclear whether those exhibits, if they indeed evidence some nonexhaustion of certain of McCoy's filed grievances, operate to defeat all or part or none of McCoy's current contentions.  Accordingly <u>both sides</u> are ordered to file statements (together with any supporting authorities, if applicable) as to the effect of the identified deficiencies on McCoy's claims.  Those filings are ordered to be transmitted to this District Court in time for their receipt here on or before May 28, 2013,[1] and this Court intends to pursue appropriate proceedings based on those submissions.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 8, 2013

---

[1] Because McCoy cannot control the date of transmission to this District Court of his filings by the institutional personnel to whom he delivers his documents, this Court will of course continue to apply the "mailbox rule" to his filings.