IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDALE MCCOY, | ) |
| | ) |
| Plaintiff, | ) No. 1:12-CV-05467 |
| | ) |
| v. | ) Judge Milton I. Shadur |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| KEVIN HALLORAN, ARTHUR FUNK, | ) |
| MARCUS HARDY, RONALD SCHAEFER, | ) |
| and LATONYA WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S STATEMENT IN RESPONSE TO
THE COURT'S MAY 8, 2013 ORDER REGARDING
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff Kendale McCoy is infected with H. Pylori bacteria and has suffered from gastrointestinal illness since at least the fall of 2011. For nearly two years, Mr. McCoy has exhibited various symptoms resulting from this infection, including bleeding from his rectum, blood in his vomit, chronic diarrhea, difficulty with urination, and consistent pain. Mr. McCoy has been significantly limited in his ability to sleep, eat and perform normal daily activities. In an effort to obtain necessary medical treatment, Mr. McCoy has diligently pursued the administrative remedies available to him.

Mr. McCoy pursued his October 29, 2011 Illinois Department of Corrections ("IDOC") grievance through the appeal stage, which ultimately resulted in the final denial of his grievance. He has also written numerous letters to prison officials requesting additional medical treatment. He even reached out to corporate executives at Defendant Wexford Health Sources in an effort to obtain treatment and prevent further complications. Despite Mr. McCoy's efforts to resolve his grievances through the IDOC administrative process, as detailed in his First Amended Complaint

and below, Defendant Marcus Hardy suggests that Mr. McCoy may not have exhausted his administrative remedies. The administrative record demonstrates that Defendant Hardy is incorrect.

### The Exhaustion Of Administrative Remedies Defense

Exhaustion of administrative remedies is an affirmative defense that a defendant has the burden of proving. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Within the context of the Prison Litigation Reform Act ("PLRA") of 1995, 42 U.S.C. § 1997e (2006), prisoners are required to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). Mr. McCoy's exhaustion requirement is found in Title 20 of the Illinois Administrative Code, § 504.800 *et seq.*, which governs the filing of grievances at IDOC facilities.

### IDOC Grievance Procedures

1. Pursuant to Title 20, a prisoner must "first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his or her counselor." Title 20, § 504.810(a).

2. Then, "[i]f an offender is unable to resolve the complaint informally ... the individual may file a written grievance on a grievance form that shall be made available in all living units. A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.*

3. Once a grievance is submitted, a "Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the

circumstances. Responses to duplicate grievances on issues that are currently being grieved may be combined in one response." Title 20, § 504.830(d).

4. Title 20 further requires that, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." Title 20, § 504.850(a). The Director then reviews the grievance and the responses and determines whether a hearing before the Administrative Review Board is required. Title 20, § 504.850(b). An "Administrative Review Board shall be appointed by the Director," and the "Administrative Review Board shall submit to the Director a written report of its findings and recommendations." Title 20, § 504.850(c) and (e).

## Plaintiff's Compliance With IDOC Grievance Procedures

1. Mr. McCoy prepared a grievance on October 29, 2011, which was approximately 19 days after the onset of his medical problems. (Amended Complaint, <u>Exhibit B.</u>)[1] Mr. McCoy notified his counselor about his concerns on October 31, 2011. This counselor forwarded a copy of Mr. McCoy's grievance to the appropriate Grievance Officer on November 1, 2011. (*Id.*)

2. In the October 29, 2011 grievance, Mr. McCoy stated that, despite his repeated requests to be adequately examined by Defendant Ronald Schaefer or other outside medical staff, he continued to suffer from the above symptoms. Mr. McCoy asked to be seen by "an outside Doctor that specialized in gastrointestinal disorders so that [his] health problem can be properly identified and treated." (*Id.*)

3. Mr. McCoy received a response to his October 29, 2011 grievance, which stated that the "Grievance Officer has no medical expertise or authority to contradict the doctor's/DON

---

[1] For the Court's convenience, Plaintiff has attached additional copies of the exhibits to his Amended Complaint that are discussed in this submission.

recommendation/diagnosis" and that the "[i]ssue appears to be resolved as grievant appears to be receiving appropriate medical care at this time." (Amended Complaint, <u>Exhibit I</u>.) Defendant Hardy concurred with the Grievance Officer's findings on January 3, 2012. (*Id.*)

4.   Mr. McCoy appealed the response of the Chief Administrative Officer on January 11, 2012. (*Id.*) On January 18, 2012, the Administrative Review Board issued a final response to the appeal of Mr. McCoy's October 29, 2011 grievance (signed by Jackie Miller for the Board and Director S.A. Godinez). (Amended Complaint, <u>Exhibit K</u>.) The Board denied Mr. McCoy's grievance, stating that, in its opinion, Mr. McCoy's medical needs were "being addressed ... in accordance with established policies and procedures." (*Id.*) Consequently, Mr. McCoy had properly exhausted his administrative remedies effective January 18, 2012.

## The Court Should Reject The Arguments Raised By Defendant Hardy

Mr. McCoy properly exhausted his administrative remedies prior to filing this lawsuit. In his May 3, 2013 Response to Court's Order ("Response"), Defendant Hardy failed to mention the appeal and final determination of Mr. McCoy's October 29, 2011 grievance.[2] Instead, Defendant Hardy discusses three exhibits to Plaintiff's Amended Complaint (<u>Exhibits N, O and U</u>). While these documents certainly shed light on Defendants' practice of delaying legitimate requests for necessary medical treatment (Amended Complaint, ¶ 42), they do not cast doubt on the fact that Mr. McCoy diligently pursued his October 29, 2011 grievance to a final disposition.

The fact that Mr. McCoy may have submitted *additional* grievances that were not pursued through a final appeal to the Administrative Review Board does not prevent him from proceeding with his pending claims. Under Seventh Circuit law, Mr. McCoy is not required to

---

[2] Defendant Hardy's Third Affirmative Defense does not specifically allege that Mr. McCoy failed to exhaust his administrative remedies. Instead, it states, "[t]o the extent that Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e), his claims are barred." In his Response, Defendant Hardy states that "further discovery may show that Plaintiff has not properly exhausted his administrative remedies." (Response at 2.)

4

pursue each and every grievance to appeal prior to instituting litigation in this Court. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To the contrary, the actions taken with respect to Mr. McCoy's October 29, 2011 grievance demonstrate that he has properly exhausted his administrative remedies. *Id.* (plaintiff "fully exhausted his prison remedies with respect to complaints that alerted prison officials to the nature of his problem and gave them an opportunity to resolve it").

In his Response, Defendant Hardy cites Exhibit N to support two apparent arguments: (1) Mr. McCoy failed to provide copies of his October 29 and November 22, 2011 grievances in connection with his appeal; and (2) Mr. McCoy's October 29, 2011 grievance determination was pending, thereby making his appeal request untimely. The second argument makes no sense, as Mr. McCoy received a final disposition of his October 29, 2011 grievance appeal on January 18, 2012. It is not possible that as of January 31, 2012, Mr. McCoy's "10/29/11 Griev. [was] pending," as Exhibit N incorrectly states. As for the first argument, Exhibit N appears to direct Mr. McCoy to provide copies of his October 29, 2011 Grievance Report and any responses (which he must have done in order to receive his final appeal disposition on January 18, 2012) and his November 22, 2011 Grievance Report and any responses for further review. As evidenced by Exhibit D to the Amended Complaint, Defendant Hardy received Mr. McCoy's November 22, 2011 grievance on December 12, 2011, and denied Mr. McCoy's request for emergency treatment that same day. Exhibit N does not support Defendant Hardy's affirmative defense.

Defendant Hardy also references Exhibit O, which is even more confusing. Exhibit O is a request, dated February 17, 2012, for Mr. McCoy to provide a copy of his October 29, 2011 Grievance Report and any responses so a determination of the validity of that grievance could be

made. As detailed above, Mr. McCoy received a final disposition of his October 29, 2011 grievance appeal on January 18, 2012. Exhibit O does not support Defendant Hardy's affirmative defense.

Finally, Defendant Hardy identifies Exhibit U in potential support of Mr. McCoy's alleged failure to exhaust affirmative defense. Exhibit U is a request, dated May 15, 2012, that Mr. McCoy provide a copy of his December 6, 2011 Grievance Report and any responses. There is no legitimate reason why Exhibit U should have been sent. On December 19, 2011, Mr. McCoy's counselor responded to his December 6, 2011 grievance by stating that, "[a] copy of this Grievance *has been forwarded to the HCU for review and response . . . there is no need to send your copy to the grievance or the HCU.* You will receive a final response from the grievance office when the health care unit responds to same." (Amended Complaint, Exhibit G (emphasis added).) Exhibit U does not support Defendant Hardy's affirmative defense.

## Conclusion

Mr. McCoy exhausted his administrative remedies with respect to the subject matter of this action effective January 18, 2012 – the day his October 29, 2011 grievance appeal was finally denied. The three isolated documents discussed by Defendant Hardy in his Response do not contradict this fact, nor do they support his purported affirmative defense. For the reasons discussed above, Defendant Hardy's affirmative defense of failure to exhaust administrative remedies was properly stricken by the Court.

Dated: May 28, 2013

Respectfully submitted,

KENDALE MCCOY

By: /s/ Laura E. Atherstone

Robert W. Vyverberg
Michael L. Gutierrez
Laura E. Atherstone
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666
robert.vyverberg@hklaw.com
michael.gutierrez@hklaw.com
laura.atherstone@hklaw.com

*Attorneys for Plaintiff Kendale McCoy*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 28, 2013, she caused the foregoing **Plaintiff's Statement in Response to the Court's May 8, 2013 Order Regarding Eshaustion of Administrative Remedies** to be electronically filed with the Clerk of the United States District for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon counsel of record.

/s/ Laura E. Atherstone