36639/01245/MHW/REN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDALE MCCOY, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., KEVIN HALLORAN, ARTHUR FUNK, MARCUS HARDY, RONALD SCHAEFER, and LATONYA WILLIAMS, <br><br> Defendants. | Case Number 2012 CV 05467 <br><br> Judge Milton I. Shadur <br><br> Magistrate Judge Sheila M. Finnegan |

### DR. SCHAEFER'S MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES AND TO VACATE TECHNICAL DEFAULTS

Defendant, RONALD SCHAEFER, M.D., by and through his attorney, Ronald E. Neroda of CASSIDAY SCHADE LLP, for his Motion for Leave to File an Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Vacate Technical Defaults, hereby states as follows:

1. This matter arises from a claim by Plaintiff, Kendale McCoy, a prisoner inmate at Stateville Correctional Center, alleging various Defendants violated his constitutional rights, as protected by 42 U.S.C. § 1983 of the Civil Rights Act, as a result of deliberate indifference toward alleged gastrointestinal illness.

2. Plaintiff has named Dr. Ronald Schaefer as one of the Defendants in his First Amended Complaint.

3. On November 4, 2013, Plaintiff's counsel filed a Motion for Entry of Default (see Doc. #56) against Dr. Schaefer. Plaintiff's Motion attached as an exhibit a Return of Service indicating that Dr. Schaefer was served in March of 2013. (See Doc. #56, p. 5).

4. Prior to receipt of Plaintiff's Motion for Entry of Default, upon filing by Plaintiff's counsel, Dr. Schaefer's attorneys were not aware that he had been served and had not been advised by Plaintiff's counsel that Dr. Schaefer had been served.

5. Upon receipt of Plaintiff's Motion for Entry of Default, counsel for Dr. Schaefer promptly filed their Appearances with the Court. (See Docs. #57 & 58).

6. Additionally, on November 5, 2013, counsel for Dr. Schaefer spoke with Plaintiff's counsel, and Plaintiff's counsel agreed to withdraw Plaintiff's Motion for Entry of Default against Dr. Schaefer, if Dr. Schaefer provides his Answer and Affirmative Defenses to the Amended Complaint by November 14, 2013.

7. Federal Rule of Civil Procedure 6(b)(1)(B) states "[w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

8. A finding of excusable neglect under Rule 6(b)(1)(B), may extend to "cases in which the delay is caused by inadvertence, mistake, or carelessness." *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008)(internal quotations omitted).

9. The determination of whether to permit an extension for excusable neglect is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Id.*

10. The factors to be considered by a court in making a determination of whether an extension of time should be granted for excusable neglect pursuant to Rule 6(b)(1)(B) include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the

reason for delay, and whether the movant acted in good faith. *Lewis*, 523 F.3d at 740, *citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (U.S. 1993).

11.  A court's discretion in permitting an extension of time under Rule 6(b)(1)(B), includes allowing a defendant to file a late responsive pleading to a complaint when the late-filing party "failed to act because of excusable neglect." *Coe v. Sloan*, 2011 U.S. LEXIS 84797 (S.D. Ill. Aug. 2, 2011), *citing Lewis*, 523 F.3d at 740.

12.  The United States Supreme Court has held that with regard to evidence required to establish excusable neglect, such neglect "may extend to inadvertent delays." *Pioneer*, 507 U.S. at 391. Moreover, the Court has established that excusable neglect under Rule 6(b) "is a somewhat 'elastic concept,' which is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 391-92.

13.  It is well established that entry of default is a severe sanction that should be used, "only in extreme situations…[as] a weapon of last resort." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

14.  Here, not withstanding that Dr. Schaefer was served in March of 2013, there is no indication that Dr. Schaefer or his attorneys willfully ignored this lawsuit or have attempted to refuse to properly litigate this case. In fact, upon receipt of Plaintiff's Motion, which indicated Dr. Schaefer had been served, counsel for Dr. Schaefer promptly filed their Appearances, contacted Plaintiff's counsel, and filed the instant Motion.

15.  In this case, Dr. Schaefer respectfully requests that he be granted leave to file his Answer and Affirmative Defenses to the First Amended Complaint (see **Exhibit "A"**), *instanter*, and further requests that this Court vacate any technical defaults as against Dr. Schaefer.

16. This Motion is made in good faith and not for purposes of delay. Plaintiff will not be unfairly prejudiced by the granting of this Motion, but prejudice will inure to Dr. Schaefer if this Motion is not granted.

WHEREFORE, Defendant, RONALD SCHAEFER, M.D., respectfully requests that this Court grant Defendant's Motion for leave to file an Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and vacate any technical defaults as against Dr. Schaefer.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: s/ Ronald E. Neroda
One of the Attorneys for Defendant, RONALD SCHAEFER, M.D.

Matthew H. Weller #6278685
Ronald E. Neroda #6297286
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Ronald E. Neroda

7836130 RNERODA