IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENDALE MCCOY, )
)
Plaintiff, )
)
v. ) Case No. 12 C 5467
)
WEXFORD HEALTH SOURCES, INC., )
et al., )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

If the harrowing story of total neglect by prison authorities presented by Stateville Correctional Center ("Stateville") inmate Kendale McCoy ("McCoy") is truthful -- and there is nothing to suggest otherwise when it is measured against the "plausibility" yardstick prescribed by the Twombly-Iqbal canon[1] -- this case provides a shocking example of deliberate indifference to serious medical needs that the Supreme Court initially held to be a constitutional violation in Estelle v. Gamble, 429 U.S. 97 (1976). Despite the constant repetition of that principle by federal courts at every level in the nearly four decades since Estelle, some state actors continue to throw every possible roadblock in the way in an effort to postpone the day of judgment for such meritorious claims or, even worse, to prevent that day from arriving altogether.

---

[1] By way of example, see the attached copies of McCoy's letters -- exhibits to both his First Amended Complaint ("FAC") and the current motion -- in which he sought without success to go up the chain of responsibility after his protracted efforts at Stateville (which this Court has found satisfied his statutory obligation to exhaust available administrative remedies) went unheeded or worse. Those letters were sent to Wexford Health Sources, Inc. ("Wexford") Chairman Kevin Halloran ("Halloran") and to Wexford's Regional Medical Director Dr. Arthur Funk, two of the three current Fed. R. Civ. P. ("Rule") 12(b)(6) movants.

In this instance Wexford has the responsibility for providing medical care at Stateville. It has essentially succeeded an in-house regime that was a dismal failure -- this Court learned in the course of a recent case that Dr. Partha Ghosh, who had headed up the medical team at Stateville, had then been targeted as a defendant in no fewer than 197 cases charging him with the extreme level of medical malpractice that comes under the Estelle rubric. This Court has attempted no such count as to Wexford, but what is certain is that Wexford and its people appear to have continued the Ghosh pattern of obstructionism toward this area of litigation. And regrettably, the counsel for Wexford and its people -- though concededly owing their clients the duty of loyalty -- have contributed toward the state actors' avoidance of their constitutional responsibilities by striving mightily to forestall, or to avoid altogether, a resolution of McCoy's claim on the merits.

This opinion will not rehearse the sorry course of conduct that defendants and their lawyers have engaged in toward that end. McCoy, who began this action pro se (as most prisoners do with their meritorious or nonmeritorious claims alike), was fortunate in that the luck of the random draw from this District Court's trial bar brought him an experienced litigator, partner in a major national law firm, as his designated counsel to represent him pro bono publico. And to date that counsel has fought McCoy's cause through the defendants' version of the "Stalingrad defense" famously practiced by the Russian army against the German army's attempted onslaught in World War II (for readers unfamiliar with that term, it refers to a pattern of (1) fighting to keep control of a street, then (2) if that proves unsuccessful, strategically retreating street by street in a kind of war of attrition).

Now three of the named defendants and their counsel have retreated one more street (to continue the Stalingrad-defense analogy) to advance a Rule 12(b)(6) motion seeking their

dismissal from this action. Two of those defendants were the addressees of the letters attached to this opinion, while the third, Dr. Ronald Schaefer, is a Stateville staff doctor who treated McCoy and was told of the severe medical problems he continued to have, but was totally nonresponsive to McCoy's problems (see, e.g., FAC ¶¶ 15 and 16). One facet of that motion as to the first two movants is clearly correct -- naming them as defendants in their <u>official</u> capacity is redundant where their principal, Wexford, has also been sued. To that extent, then, the motion is granted.

That leaves for consideration the individual liability vel non of the three individuals. On that score it may well be that fleshing out the case through discovery might establish a basis for the dismissal of one or more of them. But that is not at all necessarily the case -- if for example Wexford Chairman Halloran knew about McCoy's complaints or, even lacking that, had responsibility for the constitutional deficiencies identified in the thoughtful memorandum filed by McCoy's able counsel in response to the current motion, or if Dr. Funk should have caused McCoy's detailed complaints to be looked into but did not, those things would arguably establish a viable <u>Estelle v. Gamble</u> claim. And the same is true as to Dr. Schaefer: Resolution of the claim against him is a factbound matter, not to be dealt with on paper at the motion stage.

**Conclusion**

This most recent motion (Dkt. 65) is denied, and the three movants are ordered to file their answers to the FAC on or before February 14, 2014. It is to be hoped that this is the last purely procedural roadblock to be encountered here, so that the case may move forward toward a resolution on the merits.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 27, 2014

Kevin Halloran  
Wexford Health Service INC.  
9758 West Holy Cross Rd.  
Fairview Heights, IL 62208

Kendale McCoy  
Reg. No K-59039  
Stateville Correctional Center  
P.O. Box 112  
Joliet, IL 60434

Dear Mr. Halloran,

Hi, my name is Kendale McCoy, and I'm currently incarcerated at Stateville Correctional Center. I write you this letter to inform you of poor, or just blatant disregard to provide health care services by employee's at the prison's health care department.

Since Mid-October I've been having severe stomach pains, watery and bloody diarrhea, vomitting, and some restless nights. I had been admitted into the infirmary for 4 days and discharged still experiencing these same irritable symptoms. I was prescribed 4 types of medication, yet they have failed to show any signs of my health improving. I've constantly complained to the nurses, medical technicians, and doctors of my discomfort and I'd filed several grievances to the warden and my counselor.

I'm in dire need of your assistance and hope that you can intervene and compel employee's at Stateville's health care unit to provide me with the proper health care services I so desperately need.

Sincerely,


Kendale McCoy

Reg.No. K-59039
Stateville
P.O. Box 112
Joliet, IL 60434

January 28, 2012

Kevin Halloran
Wexford Health Service Inc.
9758 West Holy Cross Rd.
Fairview Heights, IL 62208

Dear Mr. Halloran,
    This is my second letter that I've written to your office, my first letter which was dated 12/7/2011, detailing my discomfort with my having severe stomach pains, watery and bloody diarrhea, vomitting and Stateville's health care staff failing to provide adequate health care services. I have yet to receive any sort of response from you, nor has my health improved.
    On 11/28/2011, I had been scheduled to see Physician's Assistant Latonya Williams and Medical Technician Bobby Doffer. It was on this scheduled date that P.A Williams informed me that I'd tested positive for H. Pylori. INstead of P.A Williams taking immediate action so that my health care needs are treated, P.A. Williams decision was to delay my treatment and have me retested. I wasn't retested until almost a month later on 12/23/2011.
    However, on 12/8/2011, I had been delivered 30, 2mg, capsules of Loperamide. Even after I had taken the entire 30 capsules of Loperamide I had still been experiencing these irritable symptoms, and I've explained this several times in repeated letters; requesting medical care from Stateville's Health care unit. I have yet to even receive the results from P.A. Williams retesting me for H. Pylori.
    I'm looking forward to your response and your seeing to it that I receive the proper and needed medical treatment.

    Sincerely,

    Kendale McCoy

December 7, 2011

Arthur Funk, M.D  
Regional Medical Director  
Wexford Health Services  
881 Mansfield Ave Num.205  
Pittsburg, PA 15226

Kendale McCoy  
Reg.No. K-59039  
Stateville Correctional Center  
P.O. Box 112  
Joliet, IL 60434

Dear Mr. Funk M.D.,

    Hi, my name is Kendale McCoy, and I'm currently incarcerated at Stateville Correctional Center. I write you this letter to inform you of poor, or just blatant disregard to provide health care services by employee's at the prison's health care department.

    Since Mid-October I've been having severe stomach pains, watery and bloody diarrhea, vomitting, and some restless nights. I had been admitted into the infirmary for 4 days and discharged still experiencing these same irritable symptoms. I was prescribed 4 types of medication, yet they have failed to show any signs of my health improving. I've constantly complained to the nurses, medical technicians, and doctors of my discomfort and I'd filed several grievances to the warden and my counselor.

    I'm in dire need of your assistance and hope that you can intervene and compel employee's at Stateville's health care unit to provide me with the proper health care services I so desperately need.

Sincerely,


Kendale McCoy

Reg.No. K-59039
Stateville Correctional Center
P.O.
Joliet, IL 60434

January 28, 2012

Arthur Funk, M.D
Regional Medical Director
Wexford Health Services
381 Mansfield Ave. Num.205
Pittsburg, PA 15226

Dear Mr. Funk M.D.,

    This is my second letter that I've written to your office, my first letter which was dated 12/7/2011, detailing my discomfort with my having severe stomach pains, watery and bloody diarrhea, vomitting and Stateville's health care staff failing to provide adequate health care services. I have yet to receive any sort of response from you, nor has my health improved.

    On 11/28/2011, I had been scheduled to see Physician's Assistant Latonya Williams and Medical Technician Bobby Doffer. It was on this scheduled date that P.A. Williams informed me that I'd tested positive for H. Pylori. Instead of P.A. Williams taking immediate action so that my health care needs are treated, P.A. Williams decision was to delay my treatment and have me retested. I wasn't retested until almost a month later on 12/23/2011.

    However, on 12/8/2011, I had been delivered 30, 2mg, capsules of Loperamide. Even after I had taken the enitre 30 capsules of Loperamide I had still been experiencing these irritable symptoms, and I've explained this several times in repeated letters; requesting medical care from Stateville's Health care unit. I have yet to even receive the results from P.A. Williams retesting me for H. Pylori.

    I'm looking forward to your response and your seeing to it that I receive the proper and needed medical treatment.

    Sincerely,


    Kendale McCoy